

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL RAY PERRY, United States of America ex rel., <br><br> Plaintiff-Appellant, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HOOKER CREEK ASPHALT AND PAVING, LLC; OREGON MAINLINE PAVING, LLC; J.C. COMPTON CONTRACTOR, INC.; KNIFE RIVER CORPORATION - NORTHWEST; CENTRAL OREGON REDI-MIX, LLC; HAP TAYLOR & SONS, INC., <br><br> Defendants-Appellees. | No. 17-35524 <br><br> D.C. No. 6:08-cv-06307-MC <br><br> **MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3. We GRANT the Motions to Take Judicial Notice, filed on February 5, 2018, and June 4, 2018 (Dkt. # 19, 43).

Argued and Submitted December 5, 2018
Seattle, Washington

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Relator Michael Perry appeals from the district court's order dismissing Perry's third amended complaint with prejudice. The district court ruled that Perry's claims failed to satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a) and 9(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This is the second trip this case has made to us on appeal. In the first iteration, Perry appealed the dismissal with prejudice of his second amended complaint. Though we agreed that Perry's second amended complaint was deficient under Rule 9(b), we reversed and remanded because it was "not clear that Perry's complaint could not have been saved by any amendment[.]" On remand, Perry filed a third amended complaint alleging that defendants violated the False Claims Act, 31 U.S.C. § 3729, with respect to 21 specific highway projects by knowingly billing for work and materials that did not meet state quality assurance standards, causing Oregon to submit false claims to the federal government for reimbursement of federal highway apportionment funds.

Perry argues that the district court violated the law of the case doctrine by dismissing his third amended complaint. "[T]he decision of the circuit court in a prior appeal must be followed in all subsequent proceedings in the same case under the law of the case doctrine." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1404 (9th Cir. 1993). Contrary to Perry's argument, the mandate in the previous appeal did not require the district court to accept Perry's third amended complaint.

We agree with the district court that Perry's third amended complaint did not allege with particularity the "who, what, when, where and how" of a consistent course of fraudulent conduct. *See, e.g., United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011) (False Claims Act complaint must satisfy Federal Rules of Civil Procedure 8(a) and 9(b) and the heightened plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). Although Perry narrowed his complaint to focus on stand-alone projects rather than representative examples, the third amended complaint still fails to satisfy Rule 9(b). Because Perry's third amended complaint does not meet the burden of Rule 9(b), we do not address whether the factual allegations are plausible under Rule 8(a).

**AFFIRMED.**